IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
El DORADO DIVISION

**DONALD FEARS**                                                                                    **PETITIONER**

v.                                              **CIVIL No. 1:11-CV-1009**

**RAY HOBBS, Director,**                                                                **RESPONDENT**
**Arkansas Dept. Of Corrections**

### REPORT AND RECOMMENDATION

Now before the Court is Petitioner, **DONALD FEARS's**, Petition for Writ of *Habeas Corpus*. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Jim Larry Hendren, District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Petition, ECF No. 1, be **DISMISSED without prejudice** for failure to prosecute this action and for failure to obey an Order of the Court.

**I.    BACKGROUND**

The Petition in this matter was filed on January 27, 2011. Petitioner did not pay the $5.00 filing fee, instead he submitted a partial application to proceed *in forma pauperis*. ECF No. 3. On that date, the Court entered an order directing the Clerk of Court to forward an application to proceed *in forma pauperis* to the Petitioner. ECF No. 2. The Order stated as follows:

> The Clerk is directed to mail Fears a blanck IFP application (prisoner). **Fears is given until February 18, 2011, to submit the completed application to the Court or pay the $5 filing fee.** Fears is advised that failure to obey the order of this court will result in the dismissal of this case.

ECF No. 2 (emphasis in original). Petitioner has not submitted the $5.00 filing fee nor has he returned the completed Application to proceed *in forma pauperis*.

-1-

## II.   APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders). The United States Court of Appeals for the Eighth Circuit has held that "the District Court did not abuse its discretion in dismissing Eline's complaint for failure to comply with the Court's order to submit a properly completed in forma pauperis application and partial filing fee." *Eline v Brill,* 16 Fed. Appx. 541, 542 (8th Cir. 2001); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.   DISCUSSION

Petitioner was given until February 18, 2011, to either pay the filing fee or return the application to proceed *in forma pauperis*. Petitioner did not seek additional time beyond the February 18, 2011 deadline. Moreover, the Court has received no returned mail or other indication Petitioner did not receive the Court's Order of January 27, 2011. Petitioner was specifically cautioned in the Order directing him to either pay the filing fee or return the application to proceed *in forma pauperis* that failure to comply with the Court's Order within the required time-frame could result in a summary dismissal of his case for failure to obey an order of the Court and failure to prosecute. *Id.* Accordingly, this case is dismissed for failure to follow a Court order and failure to

presecute.[1]

### IV. CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED without prejudice** for failure to prosecute and failure to follow a Court Order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**IT IS SO ORDERED this 1st day of March, 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[1] The Court also notes the Petition herein was signed by Petitioner on January 9, 2011. The conviction he challenges was entered on or about February 5, 2009. Petitioner indicates he neither appealed that conviction nor did he challenge it in any state proceeding for post-conviction relief. *See* ECF No. 1 pp 2-3. Therefore the Petition appears to have been filed well over a year following the conviction becoming final may well be barred by the one-year statute of limitation set out in 28 U.S.C. § 2244(d)(1).