IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DONALD FEARS                                                                                   PETITIONER

v.                                       Case No. 1:11-cv-01009

RAY HOBBS, Director,                                                                         RESPONDENT
Arkansas Department of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, DONALD FEARS, an inmate of the Arkansas Department of Correction confined in the Hot Spring County Jail in Malvern, Arkansas, filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254. ECF No. 1. A Response has been filed in this matter. ECF No. 13. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

A.  **Procedural Background**[1]:

On February 5, 2009, Petitioner pled guilty to the charge of delivery of a controlled substance in the Circuit Court of Columbia County, Arkansas. ECF No. 13-1. Petitioner was sentenced to thirty (30) years imprisonment with a five (5) year suspended sentence. ECF No. 13-3. On May 11, 2009, he requested a correction to his judgment and sentence. ECF No. 13-4. The state court denied this request on May 29, 2009. ECF No. 13-5. Petitioner did not appeal his sentence to the state appellate courts. ECF No. 1, Petition at paragraph 8. He likewise did not seek post judgment relief from any state court.[2] ECF No. 1, Petition at paragraph 10.

---

[1] The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

[2] The Court does address one post judgment request to the state courts below.

**B. Current Petition**:

On January 27, 2011, Petitioner filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. He raises four (4) claims for relief. Petitioner alleges (1) his sentence was excessive, (2) he was sentenced as a habitual offender when in fact he had only two prior nonviolent felony convictions, (3) his initial arrest was unlawful, and (4) he was denied a speedy trial. The Respondent asserts the claims in the Petition are time barred by 28 U.S.C. §2244(d)(1)(A).[3]

**C. Discussion**:

**1. One-year Statute of Limitations**: On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been

---

[3]Respondent also raises a defense of procedural bar and asserts the claims raised are without merit. Because the Court finds the claims time-barred, it does not address these additional issues.

discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A).  The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).

In the present case, the Petitioner did not file a direct appeal of the judgment and sentence to the state courts.  His time for filing such direct appeal expired on March 7, 2009, thirty days after entry of that judgment and sentence.  ARK.R.APP.P.-CRIM. 2(a)(2).  The one-year time-period for seeking relief pursuant to § 2254 expired on March 6, 2010.  Accordingly, the Petition is time-barred unless some tolling provision applies.

**2. Statutory Tolling of the One-Year Limitation Period**: Section 2244(d)(2) provides that the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

Here, Petitioner filed a request for clerical correction with the state court on May 11, 2009. Assuming his request for clerical correction of his sentence to the Columbia County Circuit Court constituted a request for post-conviction relief pursuant to § 2244(d)(2), the time for filing a § 2254 petition was stayed until the state court ruled on that request. The state court's order of May 29, 2009 denying that request was the final order in the state proceeding. Petitioner did not appeal this order and his time for doing so expired on June 30, 2009 pursuant to ARK.R.APP.P.-CRIM. 2(a)(2). The time between his filing of the request for clerical correction and the state court of order of May 29, 2009 is arguably tolled pursuant to §2244(d)(2). Thus, the one-year time-period could be said to have been tolled for eighteen (18) days. If the Court assumes the request for clerical correction tolled the running of the one-year period, Petitioner's deadline for filing the instant Petition was March 24, 2010. Accordingly, his filing the instant § 2254 Petition on January 27, 2011 was untimely.

**3. Equitable Tolling of the One-Year Limitation Period**: While Petitioner does not expressly raise the issue of equitable tolling of the one-year statute of limitations, the Court will address the issue. The United States Supreme court has held that the one-year statute of limitations

-4-

in § 2244(d) is subject to the doctrine of equitable tolling.  *See Holland v Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).  However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001),  *see, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003)("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'"   *Riddle,* 2008 WL 927618, at *6 (citations omitted).

Here, Petitioner raises no "extraordinary" circumstances.  In fact, the record shows that at all times relevant to his state post-conviction proceeding Petitioner was in control of the circumstances.  He was aware of the rulings of the state courts and requested correction of the original judgment and sentence.  He does not assert that some circumstance beyond his control made it impossible to file the instant Petition before the expiration of the one-year limitation period. Accordingly, equitable tolling is inapplicable in this case.

**D. Conclusion**:

Petitioner's conviction became final on February 5, 2009.  The one-year statute of limitations of § 2244(d)(1)(A) began to run on March 7, 2009.  Petitioner had until March 6, 2010[4], in which

---

[4] Or until March 24, 2010, if Petitioner's request for clerical correction is considered a request for post judgment relief in the state court.

to file his Petition for Writ of *habeas corpus* in this Court. He failed to file the instant Petition until January 27, 2011. Neither the statutory tolling provisions of §2244(d)(2) nor equitable tolling operate to extend the one-year statue of limitations to January 27, 2011. The instant Petition is untimely.

**E.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as untimely and dismissed with prejudice.[5]

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **18th day of January, 2012.**

                                               /s/ Barry A. Bryant
                                               HON. BARRY A. BRYANT
                                               U.S. MAGISTRATE JUDGE

---

[5] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984)*.